Zepaniah Taylor, administrator, and Mary Taylor, administratrix of Samuel N. Taylor, deceased, plaintiffs in error, *vs.* Job Davis, administrator of Amaziah Davidson, deceased.

*Error to Massac.*

The first section of the sixty-first chapter of the Revised Statutes, makes valid all " contracts, promises, assumpsits or undertakings," made in good faith for the sale of improvements made on the public lands.

Taylor *vs.* Davis.

This statute does not require that there should in every case be a complete contract, as defined by the common law, but authorizes a recovery upon such promises and undertakings as do not strictly amount to a contract.

This statute authorizes a promise, which is a mere gratuity, to be enforced. The presumption is, that a party accepts a proposition for his benefit, unless his dissent be shown.

This was an action originally commenced before a justice of the peace, by the plaintiff in error against the defendant in error, to recover the value of an improvement on Congress land. A jury was impanneled before the justice, who found a verdict for the plaintiff for twenty-four dollars and costs of suit.

The defendant took an appeal to the Circuit Court of Massac county. And at the May term of 1849 of said Court, the cause was tried before Denning, Judge, and a jury, which resulted in a verdict for the defendant. The plaintiff moved the Court for a new trial, but the motion was denied and judgment was rendered for the defendant for costs.

The plaintiff excepted to the decision of the Court in refusing to grant a new trial, and tendered a bill of exceptions, which was filed. The plaintiff below sues out the writ of error.

R. S. NELSON, for plaintiff in error.

The verdict is against law and evidence. See Revised Stat., 336, chapter 61, section 1; Appendix to Revised Statutes, 617; Tucker *vs.* Wood, 12 Mass., page 189.

The Court erred in its instructions to the jury. See Wilcox *vs.* Kinzie, 3 Scammon, p. 223; Stout *vs.* McAdams, 2 Scam., page 68, Humphrey *vs.* Collin, 47.

The Court erred in refusing to grant a new trial. Barton *vs.* Clark, 1st Con. Rep., page 472—3 and 5; Hammond *vs.* Wadham, 5 Mass. Rep., 555; Tucker *vs.* Woods, 12 John., page 189; Copperwhaite *vs.* Jones, 2 Dallas, page 56.

T. C. G. DAVIS, for defendant in error:

The evidence in this case shows there was no complete contract between the parties. To make a contract complete, both parties must agree to it. Chitty on Contracts, page 9.

They must assent to the same subject matter in the same sense. 1st Sumner, page 218.

If one party does not accede to a promise as made, the other is not bound by it. 7th John., 470.

A new trial will not be awarded, unless the verdict of the ju-

ry is manifestly and palpably against the evidence. 5th Gilman, 72; 1st Scammon, 128, 420, 532; 2d Scammon, 350, 358; 2d Gilman, 618.

The instructions given by the Court, at the instance of defendant, could not mislead the jury, and therefore it was not erroneous.

Opinion by Mr. Justice TRUMBULL:

This suit was originally commenced by Samuel N. Taylor against Amaziah Davidson, before a justice of the peace, to recover for an improvement made upon government land. The plaintiff recovered judgment before the justice, which was reversed upon appeal to the Circuit Court, and the refusal of that Court to grant a new trial is the only question in the case.

The bill of exceptions contains the whole evidence, from which it appears that Davidson, in a conversation with Taylor, in reference to an improvement which the latter claimed upon Congress land, stated, "that he would pay him for said improvement what it was worth to him, said defendant." Another witness testified that "defendant Davidson said to him, the witness, that Taylor had made a pass at him relative to pay for the improvement, then recently entered by defendant, and that defendant had said to Taylor that he had always thought that if he should ever enter an improvement of another man, made on Congress land, he would pay him whatever it was worth, but that he would not be willing to pay him, Taylor, what he wanted for his improvement, but he was willing to leave it to two disinterested men."

It was further proven that the improvement was made by Taylor, and that it was worth twenty-five or thirty dollars, at the time Davidson entered it.

The testimony of Lefevre, who was introduced as a witness, first by the plaintiff and subsequently by the defendant, is so confused and uncertain as it appears in the record, that it is difficult to understand or perceive how it could have any particular bearing in the cause. In one part of Lefevre's testimony he speaks of the pre-emption of one Hagarty, mentioned by witness Moody, when in fact Moody had not in his evidence said anything about a pre-emption of Hagarty, or of any other person. It is also impossible to gather from the record whether the conversation detail-

ed by Lefevre, as having taken place between himself and Taylor, occurred at the time witness went to the land office to make the entry for Davidson, or when he happened there at some other time.

The foregoing was in substance all the testimony in the cause, and we think it makes out such a case as under our statute should have entitled the plaintiff to a verdict. It is objected, however, that to make a contract complete both parties must agree to it, and that there is no evidence that Taylor assented to the proposition of Davidson, to pay him for the improvement what it was worth to him, Davidson. The statute, R. S., ch. 61, sec. 1, is very broad, and makes valid all " contracts, promises, assumpsits or undertakings," made in good faith for the sale of improvements made on the public lands. This statute does not require that there should in every case be a complete contract as defined by the common law, but authorizes a recovery upon such promises and undertakings as do not strictly amount to a contract. The witness who testifies to the promise in this case does not state when it was made, but from what the next witness says, that Davidson told him about a " pass " made by Taylor in reference to pay for the improvements then recently entered by Davidson, it is apparent that the promise was made after the entry of the land. In such a case the promise is a mere gratuity, which the statute authorizes to be enforced. R. S., 617. The presumption is, that a party accepts a proposition which is for his benefit unless his dissent be shown. After the entry of the improvement by the defendant, the plaintiff was at his mercy, and could only recover upon his voluntary promise. This case is unlike that of an ordinary sale of property, where one party offers to give a certain price for it, which the other agrees to take. Here the plaintiff's improvement was irredeemably gone. He could not fix a price upon it, but was bound to lose it or accept what the plaintiff might please to give or promise to pay him. In such a case the fact that plaintiff accepted the proposition, may well be implied, without evidence to show it affirmatively. If it appeared that the promise was made before the entry of the land, some proof of acceptance might be required, as till entered the owner might claim and enforce his rights to an improvement upon public land.

Looking at the evidence as contained in the record, we are

satisfied that the verdict was manifestly against it, and should have been set aside.   The jury, most probably, labored under a misapprehension as to what was necessary to constitute a contract in this case.

The judgment of the Circuit Court is reversed and the cause remanded.                                    *Judgment reversed.*